**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| Jason Robbins, | ) | |
| | ) | |
| *Petitioner,* | ) | |
| | ) | Case No. 3:23-cv-50064 |
| v. | ) | |
| | ) | Judge Iain D. Johnston |
| J. Doerer, Warden, USP Atwater,[1] | ) | |
| | ) | |
| *Respondent.* | ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Jason Robbins has filed a habeas petition under 28 U.S.C. § 2241,

seeking the restoration of good conduct time he lost as a result of a prison disciplinary

proceeding. For the following reasons, his habeas petition [1] is denied.

**I. Background**

During his time as an inmate at United States Penitentiary ("USP") Thomson,

Robbins was disciplined for attempted assault without serious injury and refusing an

order. According to an incident report, on April 26, 2022, Case Manager Shomo was

conducting a program review with Robbins. As Robbins entered the case manager's

office, he became irate and stated: "Why the fuck am I in here, I'm not due for team,

---

[1] Robbins filed the instant petition when he was incarcerated at USP Thomson and properly named the Warden at that facility, Michael Bergami, as Respondent. Dkt. 1. Robbins has since been transferred to a new facility. Accordingly, the government has advised the Court that the Warden at USP Allenwood may be named as the proper respondent with immediate control over the petitioner. Dkt. 18 n.1. However, since the government's response, Robbins has been transferred to USP Atwater. Dkt. 23. Therefore, Michael Bergami has been substituted for USP Atwater Warden J. Doerer as the proper respondent in accordance with *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) and *In re Hall*, 988 F.3d 376, 379 (7th Cir. 2021).

you're trying to set me up with this bullshit, I shouldn't even be here! You don't know me, I'm all gas?" Dkt. 18-2, Attachment 3. Robbins then approached Case Manager Shomo and swung at him with a closed fist. Case Manager Shomo blocked the punch and placed Robbins against the wall and then on the ground for better control. Once on the ground, Robbins refused staff orders to place his hands behind his back. Robbins resisted staff by pulling his hands under his body and fighting staff attempts to gain control of his hands. Case Manager Shomo and additional staff were eventually able to gain control of Robbins' hands and placed him in restraints.

Case Manager Shomo completed an incident report charging Robbins with a violation of Prohibited Act Code 224A (attempted assault of another without serious injury) and 307 (refusing to obey an order of any staff member). Dkt. 18-2, Attachment 3. On April 27, 2022, Robbins was given a copy of the incident report. On April 28, 2022, Robbins was advised of the rights afforded to him at a hearing before the discipline hearing officer ("DHO"). Dkt. 18-2, Attachment 4. Robbins did not make a statement to the investigating lieutenant or request to call any witnesses. Dkt. 18-2, Attachments 2–3. Robbins requested staff representation, and Mr. Parrent was appointed as Robbins' staff representative for the disciplinary hearing. Dkt. 18-2, Attachment 2.

At the hearing conducted by the DHO on May 11, 2022, Robbins stated that he understood his rights and was ready to proceed. Dkt. 18-2, Attachment 2. Robbins did not provide documentary evidence or seek to call witnesses. When the DHO asked Mr. Parrent to make a statement, he said Robbins "asked me to check the camera of

the incident. I reviewed the incident and the camera showed some bit of a scuffle but you couldn't make anything out. He asked me to try and get copies of his administrative remedies, but I don't have access to those." *Id.* When Robbins was asked to make a statement to the DHO, he stated: "I filed a BP 8 and 9 on Mr. Shomo for threatening and assaulting me before this even happened. The receipts are numbers 1117925-F1 and 1117926-F1. I was called by Mr. Shomo to come to the Office, the incident report says I was on call out, according to our computer I was never even on call out. Plus why would I be upset if I was going to be coming to team, my point might get reassessed or something like that. I was set up and it was because I filed on Mr. Shomo." *Id.*

The DHO found that Robbins committed the prohibited acts of attempting assault without serious injury and refusing to obey an order. Dkt. 18-2, Attachment 2. The DHO relied on Case Manager Shomo's incident report, the fact that Robbins made no statement to the investigating lieutenant, Robbins' statement that he was set up and that he filed grievances against Case Manager Shomo for threatening and assaulting him, and supporting staff memorandum involved in the incident in finding that the greater weight of the evidence showed that Robbins committed the prohibited acts. Several prison staff that responded to the incident provided statements of their account, including Case Manager O'Sullivan who stated that he observed Robbins swing his hand at Case Manager Shomo and refuse staff orders. Dkt. 18-2, Attachment 5. The DHO found that Case Manager Shomo's statement and observations were credible and believable because they were made strictly in the

performance of his duties, and he had no reason to make false accusations. Robbins was sanctioned with a disallowance of 27 days of good conduct time, forfeiture of 15 days of nonvested good conduct time, 90 days of disciplinary segregation, a monetary fine, and limitations on phone and commissary privileges. The DHO report was delivered to Robbins on May 20, 2022.

After exhausting his administrative remedies, Robbins filed the instant habeas petition under 28 U.S.C. § 2241. Dkt. 1. Robbins alleges that his right to due process was violated during the disciplinary proceedings because: (1) he was denied the ability to present documentary evidence; (2) the incident report did not identify witnesses who provided statements as being present at the incident; and (3) his case manager failed to give him all pages in his program review documents that would show additional witnesses to the incident. Dkt. 3. Upon receiving Robbins' petition, the Court ordered briefing. The petition is now fully briefed. Dkts. 18–19.

## II. Analysis

Persons in the custody of the Bureau of Prisons have a liberty interest in good conduct time and can challenge the loss of good conduct time by filing a motion for habeas relief under 28 U.S.C. § 2241. *See Jones v. Cross*, 637 F.3d 841, 845 (7th Cir. 2011); *Jackson v. Carlson*, 707 F.2d 943, 946 (7th Cir. 1983). Although prisoners have due process rights in prison disciplinary proceedings, such proceedings "are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). As a result, a prisoner has received due process if each of the following requirements are met: the

prisoner (1) receives written notice of the disciplinary charges at least 24 hours before a disciplinary hearing; (2) has an opportunity to be heard before an impartial decision maker; (3) is able to call witnesses and present evidence that will not be unduly hazardous to safety or correctional goals; and (4) receives a written statement of the evidence relied on and the reason for the decision. *Jones*, 637 F.3d at 845; *Wolff*, 418 U.S. at 565–66.

The disciplinary decision will be upheld as long as it is supported by "some evidence," which is a meager standard. *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007) ("[O]nce the meager threshold has been crossed our inquiry ends."). On habeas review, the court does not reweigh the evidence or determine credibility. *Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985); *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996). "Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 456; *see also Henderson v. U.S. Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1994) (finding that a court can overturn a disciplinary decision "only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented").[2]

Robbins first argues that he was denied due process because his right to present documentary evidence at his disciplinary hearing was violated. Specifically,

---

[2] A federal prisoner must also exhaust their federal administrative remedies before seeking habeas relief in court. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004) ("A common-law exhaustion rule applies to § 2241 actions even though § 1997e(a) does not."). Here, Respondent admits that Robbins exhausted his administrative remedies prior to filing his petition. Dkt. 18 at 3.

Robbins claims that he had credible exculpatory evidence in the form of grievances he filed against Case Manager Shomo but was unable to present them at his hearing because Mr. Parrent stated he did not have access to Robbins' administrative remedies.

"The Supreme Court has held that procedural due process requires, among other safeguards, that a prisoner 'facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals.'" *Piggie v. McBride*, 277 F.3d 922, 924 (7th Cir. 2002) (quoting *Wolff*, 418 U.S. at 566). "*Wolff* does not, however, guarantee prisoners the unfettered right to call any witness or present any evidence they wish regardless of its relevance or necessity." *Id.*

Robbins makes the conclusory accusation that Case Manager Shomo fabricated the attempted assault in the incident report as retaliation for Robbins accusing him of a threat in his grievances. Robbins alleges he was set up. But Robbins made this argument at his disciplinary hearing, and it was considered by the DHO. Nevertheless, Robbins argues that he had a right to present documentary evidence during his disciplinary hearing and that having actual documentation of his grievances would have carried greater weight than his statements alone.

However, copies of the grievances he filed against Case Manager Shomo would be cumulative of his own statements made at the disciplinary hearing about the content of these grievances and that he believed he was being set up. Additionally, having actual documentation of Robbins' administrative remedy requests, as opposed

6

to his own statements, would add nothing to whether Robbins did or did not attempt to assault Case Manager Shomo or ignore staff orders. Robbins' grievances do not contradict Case Manager Shomo's eyewitness account of the incident.

The DHO considered Robbins' allegations but weighed the evidence and concluded that Robbins' committed the violations based on Case Manager Shomo's eyewitness account and a staff memorandum confirming the account. Robbins did not call any witnesses to contest the content of the incident report or the staff memorandum. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56. The incident report "alone" can "provide[ ] 'some evidence' for the [DHO's] decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *Chambers v. Ciolli*, 19 F.4th 984, 986 (7th Cir. 2021) ("[T]he district court was right that the incident reports sufficed to clear that low bar."). Accordingly, "some evidence" supports the DHO's disciplinary decision, which is all that due process requires. *Scruggs*, 485 F.3d at 941.

Next, Robbins argues that his rights were violated because Case Manager Shomo failed to identify Case Manager O'Sullivan as being present at the scene in the incident report in violation of Bureau of Prisons' policy requiring a list of all persons at the scene. He also argues that Case Manager Shomo failed to give him a document where Shomo would certify that all required staff members for Robbins' program review meeting were present at the time of the incident. Robbins argues that this evidence, or lack thereof, supports his allegation that he was being set up because

neither Case Manager O'Sullivan nor any other required staff for program review were present at the incident.

As Respondent points out, Robbins did not raise this issue before or at his disciplinary hearing. Robbins does not dispute this. If a prisoner fails to properly request the evidence before or at the hearing, there is no denial of his due process rights. *See Piggie*, 277 F.3d at 925; *McPherson*, 188 F.3d at 786 (finding that the due process clause does not require "the consideration of evidence that could have been but was not presented at the hearing"). Not only is Robbins' argument forfeited, but it also has no merit.

Robbins claims that Case Manager Shomo set him up and falsified the incident report. Robbins points to Case Manager Shomo's failure to identify all witnesses in his report and for holding Robbins' program review meeting without all required staff present. However, an officer's violation of prison policy does not establish a constitutional violation. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (unpublished) (finding that a prisoner's claim that the prison failed to follow internal policies had "no bearing on his right to due process"); *Kramer v. Jenkins*, 806 F.2d 140, 142 (7th Cir. 1986) ("[T]he violation of an administrative rule is not the same thing as the violation of the Constitution.").

Furthermore, prisoners do not have a constitutional right to avoid false disciplinary charges. *See Lagerstrom v. Kingston*, 463 F.3d 621, 624-25 (7th Cir. 2006). Any impropriety with an incident report and the investigation are properly addressed through the due process mandates of *Wolff. Id.* at 625 ("[E]ven assuming

fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process."); *see also Zimmerman v. Davis*, 90 F. App'x 157, 159 (7th Cir. 2004) (unpublished) (finding that retaliation is not a viable ground for relief in a habeas action apart from the due process protections provided in *Wolff* and *Hill*).

Here, Robbins had an opportunity to explain his side of the story to the DHO as required by *Wolff*. The DHO weighed the evidence and credited Case Manager Shomo's statement of the incident over Robbins' denial. Importantly, when evaluating whether the disciplinary decision is supported by "some evidence" in the record, the court's evaluation does not include an independent assessment of credibility of witnesses or weighing of the evidence. *See Hill*, 472 U.S. at 455; *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) ("It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.").

Despite Robbins' argument that no one else was present in Case Manager Shomo's office, the DHO weighed the evidence and found the staff members' statements more credible and believable. Although Case Manager Shomo's incident report itself provides "some evidence" in support of the disciplinary decision, Shomo also stated in his incident report that: "Myself and another staff member were able to gain control of Robbin's hands and secure them in hand restraints." Dkt. 18-2, Attachment 3. This corroborates Case Manager O'Sullivan's staff memorandum stating that he was present at the incident.

Accordingly, the DHO's finding that Robbins committed the charged offenses of attempting assault without serious injury and refusing to obey an order based on either the incident report or Case Manager O'Sullivan's account is supported by "some evidence." *Scruggs*, 485 F.3d at 941; *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). Therefore, Robbins has not established that his due process rights were violated during the disciplinary proceedings.

### III. Conclusion

For the reasons stated above, Robbins' petition [1] is denied. Robbins is advised that this is a final decision ending his case in this court. If Robbins wants to appeal, he must file a notice of appeal with this court within 60 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1)(B)(iii). Robbins need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if Robbins wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P.

4(a)(4)(A)(vi). The time to file a Rule 59(e) or 60(b) motion cannot be extended. *See*

Fed. R. Civ. P. 6(b)(2).


Date: April 21, 2025          By:    _____
                                     Iain D. Johnston
                                     United States District Judge


11